## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott York, | Case No. |
| Plaintiff(s)/Petitioner(s) | 2:26-cv-01428-RGK-SP |
| v. | **REPORT AND RECOMMENDATION ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| United States of America, et al. | |
| Defendant(s)/Respondent(s) | CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Request to Proceed *In Forma Pauperis* and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff/Petitioner:

☒ is not able to prepay the full filing fee.    ☐ is able to prepay the full filing fee.   ☐ did not submit a request.
☐ has not submitted enough information for the Court to determine if Plaintiff/Petitioner is able to prepay the full filing fee.

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency.
☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ District Court lacks jurisdiction.
☐ The Clerk sent a warning letter to Plaintiff/Petitioner advising that failure to submit application to proceed IFP or pay the filing fee would result in dismissal of this case. More than 30 days have passed, and the deficiency has not been corrected.

☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
☐ Seeks monetary relief from a defendant immune from such relief.
☒ Leave to amend would be futile.
☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price,* 531 F.3d 1146 (9th Cir. 2008); 28 U.S.C. § 1915(g).
☐ As explained in the attached statement.
☐ The Court previously deferred ruling and gave Plaintiff/Petitioner 30 days to provide the missing and/or additional information, but either none was submitted timely or it was still insufficient.

☒ Other:

Plaintiff names as defendants numerous federal departments and their officers, the State Bar of California, the Judicial Council of California, and a defendant class of individuals participating in the use of Directed Energy Technologies and Weapons ("DEW") on plaintiff. Plaintiff alleges defendants engaged in a vast conspiracy targeting plaintiff and the general civilian population by illegally using Brain-Computer Interface ("BCI") DEW against them. Plaintiff claims to have been subjected to BCI DEW his entire life, including having been given an ultimatum to acquiesce to defendants' mind and body control if he wished to be a licensed attorney. Although the complaint has more than 200 pages of lengthy allegations, the allegations are conclusory, unsupported by facts, and utterly implausible. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff alleges no such facts here. Plaintiff's complaint is thus frivolous and leave to amend would be futile.

The parties are not entitled to file written objections to the Magistrate Judge's recommendation regarding the Request. *See Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (per curiam). The Report and Recommendation will be sent to the District Judge for consideration.

Dated:    March 20, 2026

By: _____
HON.  SHERI PYM
UNITED STATES MAGISTRATE JUDGE

CV-73R 9/25          Report and Recommendation on Request to Proceed *In Forma Pauperis*
(Civil Rights, Habeas, and Social Security)